IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IRIDIAN PENA                                                PLAINTIFF


v.                          CIVIL NO. 25-5150


FRANK BISIGNANO, Commissioner
Social Security Administration                              DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Iridian Pena, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 9, 2022, alleging an inability to work since September 7, 2022, due to anxiety and depression. (Tr. 63, 205, 207).  An administrative telephonic hearing was held on May 16, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 35-60).

By written decision dated July 11, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20).  Specifically,

the ALJ found Plaintiff had the following severe impairments: chronic lower back pain syndrome, anxiety, depression, and posttraumatic stress disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except limited to jobs with simple tasks with no detailed or complex instructions and only occasional interaction with the public.

(Tr. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeping cleaner, a routing clerk, and a mail clerk. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on May 7, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 10, 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support

it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In this matter, the ALJ determined Plaintiff retained the RFC to perform light exertional work limited to jobs with simple tasks with no detailed or complex instructions and only occasional interaction with the public. (Tr. 22). Plaintiff argues that the ALJ's RFC determination failed to adequately account for Plaintiff's moderate limitation in interacting with others. (ECF No. 11, p. 4). Specifically, Plaintiff asserts that the ALJ failed to explain why the RFC includes occasional interaction with the public but no limitations with the ability to interact with supervisors or coworkers.

Steps 2 and 3 of the five-step evaluation process are separate from the RFC assessment used at Steps 4 and 5. At Step 3, the ALJ determines whether an individual's mental impairments meet or medically equal the criteria for a mental disorder listing in part by "assess[ing] [the] individual's limitations and restrictions from a mental impairment(s) in categories identified in the 'paragraph B' and 'paragraph C' criteria of the adult mental disorder listings." SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996).

By contrast, at Step 4, the ALJ determines the claimant's RFC – "the most [she] can still do despite [physical and mental] limitations," in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545 "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments." SSR 96-8p, 1996 WL374184, at *4.

The functional area of interacting with others "refers to the abilities to relate to and work with supervisors, co-workers, and the public." 20 C.F.R. pt. 404, subpt. P, app.1, 12.00(E)(2). According to the regulations, examples of the ability to relate to and work with others include:

> [C]ooperating with others; asking for help when needed; handling conflicts with others; stating own point of view; initiating or sustaining conversation; understanding and responding to social cues (physical, verbal, emotional); responding to requests, suggestions, criticism, correction, and challenges; and keeping social interactions free of excessive irritability, sensitivity, argumentativeness, or suspiciousness.

*Id*.

In this case, while the ALJ expressly limited Plaintiff's interaction with the public, the ALJ failed to discuss or mention any need for limited interaction with coworkers or supervisors in light of her moderate impairment in interacting with others. The ALJ did not address Plaintiff's testimony and medical records regarding her inability to read social cues, the anxiety caused by

5

having to make friendly conversation at work, and the body tension caused with interactions with others. (Tr. 47, 50, 54). The record also revealed that Suzanna McKenna, PhD., a consultative examiner, noted that during the evaluation in April of 2023, Plaintiff did not make eye contact, appeared anxious, and that there were "long-latencies" at times when responding. (Tr. 581).

The Court can only assume that the ALJ found Plaintiff had no limitations in interacting with coworkers or supervisors in light of her limitations; however, the ALJ failed to construct a logical bridge for the Court to reach this conclusion. *See Holdeman v. Kijakazi*, No. 20-CV-729-NKL, 2021 WL 6062368, at *4 (W.D. Mo. Dec. 22, 2021) (The ALJ is required to provide a logical bridge between the RFC and the evidence). Without a "logical bridge between the evidence and the RFC," the Court cannot ascertain why the RFC does not reflect Plaintiff's moderately limited ability to interact with coworkers and supervisors." *Id*. Accordingly, the Court finds remand warranted as the RFC is not supported by substantial evidence.

Upon remand, the ALJ must include a limitation reflecting Plaintiff's ability to interact with coworkers and supervisors, or alternatively, the ALJ shall explain why said limitation was not included in the RFC. If the limitation is included, then the ALJ upon remand must pose such a limitation to the vocational expert when obtaining opinions about Plaintiff ability to perform work.

IV.    **Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE